UNITED STATES of America,
Appellee,

v.

Jimmy Lee JOHNSON, Appellant.

No. 03–3082.

United States Court of Appeals,
District of Columbia Circuit.

March 19, 2004.

Barbara J. Valliere, John Robert Fisher, Assistant U.S. Attorneys, Florence Y. Pan, Attorney, Roscoe Conklin Howard, Jr., U.S. Attorney, John P. Mannarino, U.S. Attorney's Office, Washington, DC, for Plaintiff–Appellee.

Edward Charles Sussman, Law Office of Edward Sussman, Washington, DC, for Defendant–Appellant.

Before GINSBURG, Chief Judge, and RANDOLPH and ROBERTS, Circuit Judges.

### JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

ORDERED AND ADJUDGED that the judgment of conviction and sentence entered on July 11, 2003 be affirmed.

Johnson appeals his conviction on the charge of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1), making four arguments for reversal. We find each to be without merit.

■ 1. Johnson contends that the district court erred by denying his motion for disclosure of the identity of the confidential informant. We generally do not require disclosure of an "informant who was not an actual participant in or witness to the crime charged." *United States v. Warren,* 42 F.3d 647, 654 (D.C.Cir.1994). Here, the confidential informant – who had visited the subject residence several days before the search – neither participated in nor witnessed the crimes charged in the indictment. The district court did not abuse its discretion by denying Johnson's motion. *See United States v. Gaston,* 357 F.3d 77, 84–85 (D.C.Cir.2004) ("With respect to search warrants we have not required the government to disclose the identity of an informant who saw the fruits of the search prior to execution of the warrant but who had no involvement in the charged crime.").

■ 2. Johnson argues that the district court erred by admitting evidence that he had previously possessed a firearm in the same bedroom where police discovered the firearms and ammunition. We generally review evidentiary rulings for abuse of discretion. Given the inherent subjectivity in the balancing determination required by Rule 403, we will reverse a district court's ruling under Rule 403 only when a "grave abuse" is apparent. *United States v. Long,* 328 F.3d 655, 662 (D.C.Cir. 2003). Appellant has failed to demonstrate that the district court's decision to admit evidence of firearm possession while excluding evidence of the accidental discharge amounted to an abuse of discretion – let alone a grave abuse.

■ 3. Johnson further contends that the district court erred by admitting a parking ticket into evidence, arguing that it did not meet the relevance requirement of Fed.R.Evid. 401. The relevance requirement is not a stringent one – the proffered evidence must only have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. The ticket was plainly relevant to the determination of whether Johnson still had dominion and control over the bedroom where the firearms and ammunition were found.

■ 4. Finally, Johnson claims that the evidence was insufficient to support his conviction for possession of ammunition. Specifically, he argues that the government failed to prove that he possessed the ammunition on or about January 11, 2002, as charged in the indictment. We must affirm the conviction if, viewing all the evidence in the light most favorable to the government, we conclude that "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original). The evidence here is sufficient to support the

conviction. In addition to the fingerprint on the round of ammunition and the parking ticket dated January 2, 2002, Johnson's mother told police at the time of the search that he lived in the bedroom in question. Moreover, Johnson's monthly reports to his probation officer listed that home as his residence. A rational factfinder could conclude that appellant had dominion and control over that bedroom and the items inside it on the day of the search.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).